# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

February 28, 2020

Mr. David Crews
Northern District of Mississippi, Greenville
United States District Court
911 Jackson Avenue
Oxford, MS 38655

    No. 20-60024   In re: Emerson Osborne
                          USDC No. 4:19-CV-185

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Shea E. Pertuit, Deputy Clerk
                          504-310-7666

cc w/encl:
    Mr. Emerson Osborne

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-60024

In re: EMERSON OSBORNE,

          Movant

A True Copy
Certified order issued Feb 28, 2020

Tyle W. Cayce

Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

Before ELROD, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:

  Emerson Osborne, Mississippi prisoner # R-7082, moves this court for authorization to file a successive 28 U.S.C. § 2254 application challenging his conviction of capital murder. If granted authorization, he would argue that his trial counsel was ineffective for failing to investigate his competency and for failing to request a competency evaluation. He also moves this court for leave to proceed in forma pauperis (IFP).

  A prisoner seeking to file a successive § 2254 application must obtain an order from this court authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If a claim was not presented in a prior application, this court may authorize the filing of a second or successive § 2254 application if the applicant makes a prima facie showing that (1) his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "the factual predicate

for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(1), (b)(2), (b)(3)(C). The required prima facie showing is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court," and this court will grant an application if "it appears reasonably likely that the application satisfies the stringent requirement for the filing of a second or successive petition." *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003) (internal quotation marks and citations omitted).

Osborne has not made the requisite showing. As to his request for an order granting him leave to file an application for postconviction relief in the trial court, our mandamus jurisdiction does not extend to state courts or their judicial officers in the performance of their duties; therefore, we cannot grant Osborne any relief. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

Accordingly, IT IS ORDERED that Osborne's motion for authorization to file a successive § 2254 application is DENIED. His IFP motion is also DENIED.